UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:08CV-56R

WESTERN KENTUCKY COCA-COLA
BOTTLING CO., INC.                                                                                          PLAINTIFF

v.

RED BULL NORTH AMERICA, INC., and
ROYAL CROWN BOTTLING CO., INC.                                                              DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the Court on Defendant Red Bull North America, Inc.'s ("Red Bull") Motion to Dismiss (Docket #6). Plaintiff has filed a response (Docket #11) to which Defendant Red Bull has replied (Docket #12). This matter is now ripe for adjudication. For the reasons that follow, Defendant Red Bull's Motion to Dismiss is DENIED.

**BACKGROUND**

The Verified Complaint alleges that Plaintiff entered into a Distribution Agreement with Defendant Red Bull under which Plaintiff became a distributor of beverage products produced by Defendant Red Bull in a territory located within Kentucky. The Verified Complaint alleges that in the Distribution Agreement, Defendant Red Bull agreed that Plaintiff "would continue to be and would not be removed as a distributor of Red Bull products unless [Plaintiff] was unable or unwilling to distribute Red Bull products."

The Verified Complaint states that, as a result of this Distribution Agreement, Defendant Red Bull established for Plaintiff its own distributor number, its own account, and required that Plaintiff allow Defendant Red Bull to automatically draft money from Plaintiff's bank account sufficient to

compensate Defendant Red Bull for the cost of product purchased by Plaintiff. The Verified Complaint alleges that the Distribution Agreement "would never be terminated without prior written communication of the grounds set forth . . . above and the opportunity to cure those grounds."

Plaintiff contends in the Verified Complaint that it performed its obligations under the Distribution Agreement. In the Verified Complaint, Plaintiff asserts that Defendant Red Bull breached the Distribution Agreement on February 21, 2008, by terminating the Distribution Agreement without cause and without an opportunity for cure. Thus, Count I of the Plaintiff's Verified Complaint is for breach of contract. In the alternative, Plaintiff stated a cause of action in Count II for unjust enrichment. Specifically, Plaintiff contends that by rendering the services it has in connection with the Distribution Agreement, including, but not limited to, obtaining favorable product placement arrangements with Plaintiff's vendor clients and actively promoting the distribution and sale of Defendant Red Bull's products within its distribution territory, Defendant Red Bull will be unjustly enriched were it allowed to retain those benefits without fully compensating Plaintiff.

**STANDARD**

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). Denial of the motion is proper "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Achterhof v. Selvaggio*, 886 F.2d 826, 831 (6th Cir.1989) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nonetheless,

unwarranted factual inferences or legal conclusions masquerading as fact will not prevent a motion to dismiss. *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002). A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Andrews v. Ohio*, 104 F.3d 803, 806 (6th Cir. 1997) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)).

**DISCUSSION**

**I.    BREACH OF CONTRACT**

Defendant Red Bull argues that Plaintiff's claim for breach of contract must be dismissed because the alleged Distribution Agreement contained no definite term, making it terminable at will.

Under Kentucky law, a cause of action for breach of contract must state "the contract, the breach and the facts which show the loss or damage by reasons of the breach." *Fannin v. Commercial Credit Corp.*, 249 S.W.2d 826, 827 (Ky. 1952). When the term of a contract "is left discretionary with either party, or when it is not definite as to time, either party has the right to terminate it at any time, and no cause therefor need be alleged or proved." *Cockrell v. Premium Coal Co.*, 342 S.W.2d 679, 679 (Ky. 1961) (quoting *Victoria Limestone Co. v. Hinton*, 161 S.W.1109, 1110 (Ky. 1914)); *see Elec. & Water Plant Bd. v. S. Cent. Bell Tel. Co.*, 805 S.W.2d 141, 143 (Ky. Ct. App. 1990) ("[I]f a contract covers no definite period, it may be terminated by either party at will.")

Plaintiff does not dispute that the contract had no definite term. Instead, Plaintiff argues that a jury must determine whether or not the notice of termination Defendant Red Bull gave Plaintiff was reasonable. In *Leibel v. Raynor Manufacturing Co.*, 571 S.W.2d 640 (Ky. Ct. App. 1978), the Kentucky Court of Appeals held that reasonable notification was required in order to terminate an

on-going oral agreement for the sale of goods in a relationship of a manufacturer-supplier and dealer-distributor or franchisee. *Id.* at 642. Defendant Red Bull asserts that this claim is not a part of the Verified Compliant and therefore Plaintiff cannot rely on this claim in avoiding dismissal of its Verified Complaint.

Notice pleading requires that a complaint provide "the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007). In its Verified Complaint, Plaintiff asserts that Defendant Red Bull breached the Distribution Agreement when it terminated the Distribution Agreement on February 21, 2008, without giving Plaintiff an opportunity to cure. Such an allegation is consistent with Plaintiff's statement in its response to the present motion that Defendant Red Bull did not provide Plaintiff with reasonable notification of its termination. The Court finds that the Verified Complaint provided Defendant Red Bull with fair notice of the claim and the grounds on which it is based.

Therefore, this Court finds that Plaintiff may proceed on its claim of breach of contract against Defendant Red Bull.

## II.     UNJUST ENRICHMENT

Defendant Red Bull also argues that Plaintiff's unjust enrichment claim must be dismissed because Plaintiff cannot maintain an unjust enrichment claim when it has alleged the existence of an explicit contract. The Court notes that Plaintiff pleads this claim in alternative to its breach of contract claim. Federal Rule of Civil Procedure specifically states that "Relief in the alternative or of several different types may be demanded." Thus, the Court need not address whether the two claims are inconsistent.

Therefore, this Court finds that Plaintiff may proceed on its claim of unjust enrichment

against Defendant Red Bull.

## CONCLUSION

For the foregoing reasons, Defendant Red Bull's Motion to Dismiss is DENIED.

An appropriate order shall issue.