**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:08-CV-56-R**

**WESTERN KENTUCKY COCA-COLA
BOTTLING COMPANY, INC.**                                                          **PLAINTIFF**

v.

**RED BULL NORTH AMERICA, INC. and
ROYAL CROWN BOTTLING COMPANY, INC.**                             **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant Red Bull North America, Inc.'s ("Red Bull") Motion to Strike Expert and Expert Report (Docket #29). Defendant Royal Crown Bottling Company, Inc. ("RC") concurred (Docket #33), Plaintiff responded (Docket #37), and Defendant Red Bull replied (Docket #38). This matter is ripe for adjudication. For the reasons that follow, Defendant Red Bull's Motion is GRANTED IN PART.

DISCUSSION

This matter arises out of the termination of a distributorship agreement between Plaintiff Western Kentucky Coca-Cola Bottling Company, Inc. ("WKCC") and Red Bull. Under the agreement, WKCC became a distributor within Kentucky of beverage products produced by Red Bull. WKCC alleges that Red Bull wrongfully terminated the agreement because Red Bull did not provide WKCC with reasonable notice of termination. In the alternative, WKCC claims Red Bull was unjustly enriched by WKCC's services in connection with the agreement. WKCC also alleges that RC tortiously interfered with the agreement between WKCC and Red Bull when it began distributing Red Bull Products.

On September 16, 2008, WKCC disclosed an expert witness, Robert Taylor. Taylor reported

on the present value of lost profits from the Red Bull Distribution rights terminated by Red Bull. He concluded that the present value of the lost profits from the Red Bull distribution rights held by WKCC was $8,968,784 as of February 21, 2008. Red Bull seeks to strike Taylor and his report because his testimony is irrelevant under Federal Rule of Evidence 702.

Expert testimony is admissible only if it is both relevant and reliable. *Daubert v. Merrell Down Pharms.*, 509 U.S. 579, 597 (1993); Fed. R. Evid. 702. "Expert testimony which does not relate to any issue in the case is not relevant . . . ." *Daubert*, 509 U.S. at 591. "The 'relevance' requirement stems from Rule 702's requirement that the testimony 'assist the trier of fact to understand the evidence or to determine a fact in issue.'" *United States v. Bonds*, 12 F.3d 540, 555 (6th Cir. 1993) (quoting Fed. R. Evid. 702).

Red Bull states that lost profit damages are not allowed in Kentucky in a reasonable notice action, nor are they allowed in an unjust enrichment claim, and so therefore the Court should strike Taylor's testimony because it relates solely to damages that are not available to WKCC. WKCC disagrees, but does not cite any binding case law in response to Red Bull's contentions.

Kentucky case law, which is applicable in this diversity action, states that lost profits are not recoverable for failure to provide reasonable notice of termination of a contract. *Pharo Distrib. Co. v. Stahl*, 782 S.W.2d 635, 639 (Ky. Ct. App. 1989). In Kentucky, damages for the failure to give reasonable notice of termination "may not reflect loss of a contract or discontinuance of the business relationship." *Id.* The damages "must be limited to those elements directly relating to lack of notice and the lost opportunity to 'put his house in order.'" *Id.* Therefore, because Taylor's testimony only relates to the value of WKCC's alleged lost profits, the Court finds that it is not relevant to WKCC's breach of contract claim against Red Bull.

Similarly, lost profits are not available with respect to WKCC's unjust enrichment claim. Under a theory of unjust enrichment, damages are based on the benefit received by the enriched party. *See Jackson Lumber & Supply Co. v. Deaton*, 272 S.W. 717, 718 (Ky. 1925). Relief for unjust enrichment does not include "the injured party's lost profit nor that part of his expenditures in reliance that resulted in no benefit to the other party." Restatement (Second) of Contracts § 344 cmt. a (1981). Therefore, Taylor's testimony is not relevant to WKCC's unjust enrichment claim against Red Bull.

Lastly, WKCC argues that damages for tortious interference do include lost profits. RC did not reply to WKCC's response, it only concurred in Red Bull's motion and made assertions that WKCC's tortious interference claim is groundless. The Court will not address RC's assertions of groundlessness in this opinion. In Kentucky, lost profits appear to be recoverable for tortious interference. *See Carmichael-Lynch-Nolan Adver. Agency, Inc. v. Bennett & Assocs., Inc.*, 561 S.W.2d 99, 102 (Ky. Ct. App. 1977); *CMI, Inc. v. Intoximeters, Inc.*, 918 F. Supp. 1068, 1081 (W.D. Ky. 1995). RC has not demonstrated that Taylor's testimony is irrelevant to WKCC's claim of tortious interference.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant Red Bull's Motion to Strike Expert and Expert Report (Docket #29) is GRANTED IN PART. Because lost profit damages are not recoverable in Kentucky in a reasonable notice action or for an unjust enrichment claim, WKCC's expert Taylor shall not be permitted to testify against Red Bull in regard to alleged damages for lost profits in these causes of action.