UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:08-CV-56-R

**WESTERN KENTUCKY COCA-COLA**
**BOTTLING COMPANY, INC.**                                                             **PLAINTIFF**

v.

**RED BULL NORTH AMERICA, INC. and**
**ROYAL CROWN BOTTLING COMPANY, INC.**                              **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Red Bull North America, Inc.'s ("Red Bull") Motion for Summary Judgment (DN 45). Plaintiff responded (DN 51), and Defendant replied (DN 54). This matter is now ripe for adjudication. For the reasons that follow, Defendant's Motion for Summary Judgment is DENIED.

### BACKGROUND

This matter arises out of the termination of a distributorship agreement between Plaintiff Western Kentucky Coca-Cola Bottling Company, Inc. ("WKCC") and Red Bull. Under the agreement, WKCC became a distributor within Kentucky of beverage products produced by Red Bull. WKCC alleges that Red Bull wrongfully terminated the agreement because Red Bull did not provide WKCC with reasonable notice of termination. In the alternative, WKCC claims Red Bull was unjustly enriched by WKCC's services in connection with the agreement.

On November 10, 2009, the Court held that because lost profit damages are not recoverable in Kentucky in a reasonable notice action or for an unjust enrichment claim, WKCC's expert would not be permitted to testify against Red Bull with regard to alleged damages for lost profits. Red Bull now moves for summary judgment, arguing that WKCC has

not identified any other recoverable damages.

## STANDARD

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

Finally, while Kentucky state law is applicable to this case pursuant to *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938), a federal court in a diversity action applies the standards of Fed. R. Civ. P. 56, not "Kentucky's summary judgment standard as expressed in *Steelvest, Inc. v.*

*Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476 (Ky. 1991)." *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 165 (6th Cir. 1993).

## DISCUSSION

Red Bull argues WKCC's claims against Red Bull must be dismissed because WKCC has offered no other proof of damages besides lost profits. WKCC only briefly addresses the damages issue in its response, but does state that Jimmy Briggs, a division manager for WKCC, will offer testimony concerning the lack of or improper notice of termination by Red Bull and the lost opportunity to put the corporate house back in order following the improper termination. Additionally, WKCC states that Briggs will offer testimony regarding damages related to WKCC's unjust enrichment claim. WKCC submitted a supplemental interrogatory answer signed by Briggs stating that WKCC is seeking nine million dollars in damages relating the lost opportunity to put its house in order and five million dollars in unjust enrichment damages.

Red Bull contends that this evidence is not sufficient because WKCC does not identify any specific facts demonstrating recoverable damages under either a reasonable notification or unjust enrichment claim. Red Bull cites Federal Rule of Civil Procedure 26(a)(1)(A)(iii), which requires a party to provide "a computation of each category of damages" and "make available . . . the documents or evidentiary material . . . on which each computation is based." With respect to WKCC's unjust enrichment claim, Red Bull argues that WKCC cannot recover for services that it has already been compensated for or for services for which it has never been on notice that it would pay.

The Court finds that WKCC has not submitted sufficient proof of damages. However, the Court will allow WKCC thirty days from the date of this order to file an expert report which

itemizes its damages in detail. The materials on which this computation is based, unless privileged or protected from disclosure, must also be made available to Red Bull for inspection and copying.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is DENIED at this time.